United States District Court
Southern District of Texas
**ENTERED**
April 06, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 7:20-cv-00290 |
| | § | |
| 0.549 ACRES OF LAND, more or less, in STARR COUNTY, TEXAS, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

### <u>ORDER</u>

The Court now considers the "Status Report" filed by the United States pursuant to the Court's February 8, 2021 order.[1] This action by the United States to take land to construct and operate fencing, roads, and related structures to secure the United States/Mexico southern international border commenced on September 24, 2020.[2] The initial pretrial conference was initially scheduled for December 15, 2020,[3] but the Court continued the conference to February 2021 upon the United States' request and representation that it was negotiating settlement and nearing a resolution.[4] The United States obtained a signed agreement to resolve this case on December 29, 2020, but was unable to marshal sufficient funds to pay all costs before January 20, 2021.[5] On January 20, 2021, President Joe Biden issued a proclamation entitled "Termination of Emergency With Respect to the Southern Border of the United States and Redirection of Funds Diverted to Border Wall Construction" which, among other things, directed the applicable executive departments and agencies to "develop a plan for the redirection of funds concerning

---

[1] Dkt. No. 32.
[2] Dkt. No. 1.
[3] Dkt. No. 4.
[4] Dkt. No. 23.
[5] Dkt. No. 32 at 2, ¶¶ 5–6.

the southern border wall" no later than March 21, 2021, and directed a pause on work on the southern border wall while the plan was being developed.[6] Upon the United States' unopposed motion,[7] the Court continued the initial pretrial conference until after the plan was to be developed.[8] In the instant status report filed twelve days after the plan was to be developed, the United States simply explains that the plan has not been circulated and the United States has no direction with respect to the border wall and resolution of this case.[9]

"A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,'"[10] but the Court must not grant immoderate, indefinite, or unreasonable stays.[11] This case has been effectively suspended since its commencement and no scheduling dates have been proposed. Accordingly, the Court **ORDERS** the parties to (1) file dismissal documentation no later than April 16, 2021, setting forth the amount of just compensation to be paid for revesting title and dismissing the case;[12] (2) file dismissal documentation no later than April 16, 2021, establishing just compensation and possession for the taking and proposed terms to conclude the case; or (3) file a joint discovery/case management plan no later than April 16, 2021, and appear on **April 27, 2021, at 9:00 a.m.** for an initial pretrial conference. The Court **ORDERS** that the conference previously scheduled for April 13th[13] is **CANCELLED** and the April 27th conference, if it occurs, will be conducted using the Zoom for Government videoconference application

---

[6] Proclamation No. 10142, §§ 1–2, 86 Fed. Reg. 7,225, 2021 WL 197402 (Jan. 20, 2021).

[7] Dkt. No. 30.

[8] Dkt. No. 31.

[9] Dkt. No. 32 at 3–4, ¶¶ 10–11.

[10] *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

[11] *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

[12] *See* FED. R. CIV. P. 71.1(i)(1)(C) ("[I]f the plaintiff has already taken title, a lesser interest, or possession as to any part of it, the court must award compensation for the title, lesser interest, or possession taken."); *Kirby Forest Indus. v. United States*, 467 U.S. 1, 12 n.18 (1984) ("[T]he Rule forbids the district court to dismiss an action (without awarding just compensation) if the Government has acquired any 'interest' in the property.").

[13] Dkt. No. 31.

(www.zoomgov.com). Courtroom business attire will be required of all attorneys during the conference. Laptops with a camera feature, cell phones, and electronic tablets may be used as long as the Zoom application is functional on the device. The Court will communicate details regarding participation in the videoconference to the parties by separate e-mail on the business day before the conference. All interested parties intending to appear at the videoconference should have current contact information on file with the Clerk of the Court.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 6th day of April 2021.

_____
Micaela Alvarez
United States District Judge